IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BLAINE HARRINGTON III )<br>    Plaintiff/Counterclaim Defendant )<br> )<br>v. )<br> )<br>360 ABQ, LLC d/b/a 360 VENTURES )<br>    REAL ESTATE )<br> )<br>    Defendant/Counterclaim Plaintiff. ) | Case No.  1:22-cv-00063-LF-JHR |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT 360 ABQ, LLC**

Defendant 360 ABQ, LLC ("360") here answers and asserts affirmative defenses, and

alleges counterclaims, in response to the Complaint of Plaintiff Blaine Harrington III ("Mr.

Harrington") in the above captioned matter, as follows:

**ANSWER**

1. 360 admits the allegations of this paragraph of Mr. Harrington's Complaint.

2. 360 admits the allegations of this paragraph of Mr. Harrington's Complaint.

3. 360 admits the allegations of this paragraph of Mr. Harrington's Complaint.

4. 360 admits the allegations of this paragraph of Mr. Harrington's Complaint.

5. 360 admits the allegations of this paragraph of Mr. Harrington's Complaint,

excepting that 360 does not admit that the cases cited in this paragraph all support the legal

principles for which they purport to stand.

6. 360 is without knowledge or information sufficient to admit or deny the allegations

in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof

thereof.

7.      360 is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

8.      360 is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

9.      360 is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

10.     360 is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

11.     360 is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

12.     360 admits it is a real estate brokerage firm, and denies the remaining allegations of this paragraph of Mr. Harrington's Complaint.

13.     360 admits that it markets its services by use of its website and other advertising, and it denies the remaining allegations of this paragraph of Mr. Harrington's Complaint.

14.     This paragraph of Mr. Harrington's Complaint states a legal conclusion which requires no response from 360, but if a response were due, it would deny it.

15.     While Exhibit B appears to be a copy of a portion of one Facebook page that had been posted by 360, 360 denies any other portion of the allegations of this paragraph of Mr. Harringtons' Complaint.

16.     360 admits it has never received a formal or written license to use the subject photograph, and that it never contacted Mr. Harrington about obtaining a license.

17.     360 denies the allegations of this paragraph of Mr. Harrington's Complaint.

18.     360 admits that it found the subject photograph on the internet, and denies the remaining allegations of this paragraph of Mr. Harringtons' Complaint.

19.     360 denies the allegations and implications of this paragraph of Mr. Harrington's Complaint, except to admit that Mr. Harrington has apparently used efforts to identify its use of the subject photograph; that he had his attorneys notify it and accuse it of using the photograph without authorization; and that it has refused to enter a license on the extortionate terms Mr. Harrington has demanded, and that it owes Mr. Harrington no apology.

20.     360 realleges, and incorporates by reference, its responses to paragraphs 1 through 19 of Mr. Harrington's Complaint.

21.     This paragraph of Mr. Harrington's Complaint purports to state a legal conclusion, which requires no response from 360, but to the extent any response is required, it denies the allegations.

22.     This paragraph of Mr. Harrington's Complaint purports to state a legal conclusion, which requires no response from 360, but to the extent any response is required, it denies the allegations.

23.     360 denies the allegations of this paragraph of Mr. Harrington's Counterclaims.

24.     360 admits that it posted the photograph on its Facebook page, and denies the remaining allegations of this paragraph of Mr. Harrington's Counterclaims.

25.     360 denies the allegations of this paragraph of Mr. Harrington's Counterclaims.

26.     360 denies the allegations of this paragraph of Mr. Harrington's Complaint.

27.     360 denies the allegations of this paragraph of Mr. Harrington's Complaint.

28.     360 denies the allegations of this paragraph of Mr. Harrington's Complaint.

29.     360 denies the allegations of this paragraph of Mr. Harrington's Complaint.

30.     360 denies the allegations of this paragraph of Mr. Harrington's Complaint.

31.     360 denies the allegations of this paragraph of Mr. Harrington's Complaint.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, 360 asserts the following:

1.     Mr. Harrington's Complaint is barred by the applicable statute of limitations.

2.     Mr. Harrington's Complaint is barred by his own misuse of the copyright law of the United States.

3.     Mr. Harrington's Complaint is barred by his unclean hands.

4.     Mr. Harrington's Complaint is barred by his willful misconduct.

5.     Mr. Harrington's Complaint is barred by his having impliedly licensed 360's use of the photograph.

6.     Mr. Harrington's Complaint is barred by principles of waiver and estoppel.

7.     Mr. Harrington's Complaint is barred by 360's fair use of the subject photograph.

## COUNTERCLAIMS

360 ABQ, LLC alleges the following Counterclaims against Mr. Harrington, as follows:

1.     Mr. Harrington conducts the business of a copyright troll.  In the conduct of his

business Mr. Harrington has taken photographs featuring scenic views of New Mexico, including the Albuquerque skyline, mountains in New Mexico, and images of hot air balloons at the time of Albuquerque's Annual Balloon Fiesta, as well as of other picturesque locations throughout the United States.  Rather than, or in addition to, concentrating his business on the sale or licensing of those images, Mr. Harrington has pursued a believed-to-be unique business model, by which he has knowingly allowed his photographs to be available to the public on websites without providing notice that he claims to be the photographer or copyright owner of those photographs, all done intentionally so as not to inform members of the public of his claim to such ownership; then monitors public access to those websites to identify persons who download those images; then engages in searches of the web to determine if those persons who have downloaded the subject images use them for any purpose; and upon learning of such uses, retains lawyers to contact the persons who have downloaded and used the images, who announce his claim to copyright ownership of the subject images and threaten to sue the persons unless they pay him an exorbitant amount that could fairly be characterized as extortionate, given the market value for such images.

2.      If persons so identified by Mr. Harrington decline to pay him, Mr. Harrington regularly files suit for copyright infringement against those persons in federal courts throughout the United States.  On information and belief Mr. Harrington has threatened hundreds of such persons with copyright infringement lawsuits over the past several years, most of whom have paid amounts far beyond the fair value of the use of those photographs simply to avoid the even greater likely costs of litigation; and has filed suit against individuals who decline to settle in those courts in at least 75 instances over the same time period.  A disproportionate number of the suits Mr. Harrington has filed have been filed in the United States District Court for New Mexico.

3.      All the actions described above are a part of a scheme Mr. Harrington has developed

and pursues in order to lure individuals into downloading images of photographs in which he claims to own copyright; to then monitor access to those images by securing the specialized services of one or more companies with expertise in such matters in order to determine who has downloaded them and used them for any purpose that may be determined by access to the internet; and then with the assistance of legal counsel threaten to sue and sue such persons for amounts that are legally unreasonable, excessive and extortionate, knowing that the costs of defense of such claims, whether or not they are valid, would considerably exceed the cost of tribute demanded by the photographer who has orchestrated the scheme.

4.      360 provides information about its services on its Facebook page.  In 2015 it included on its Facebook page a photograph showing the Albuquerque skyline its staff had found by searching the web.  The website where the image was found did not identify a photographer or copyright proprietor of that image, and 360 believed it could lawfully reproduce that image on its website or social media page.

5.      360's owners recently received a letter from Copycat Legal asserting that the photograph appearing on its Facebook page showing the Albuquerque skyline had been taken by Mr. Harrington and that he owned the copyright in that photograph.  The letter asserted that 360 had 14 days to pay $30,000 for its infringement of Mr. Harrington's copyright in that photograph, or face a lawsuit for infringement, in which he would seek damages of $150,000.  A draft complaint was attached to the letter.  A copy of the letter, with the draft complaint, is attached hereto as Exhibit A.

6.      The letter sent to 360 attached hereto is identical to form letters Mr. Harrington has sent to numerous targets of his scheme, excepting only that the particular photographs such others were alleged to have infringed were different.   On information and belief, in each case the

photograph in question had been found by the targeted party on a website that provided no information or indication that the photograph had been taken by, or the copyright was owned by, Mr. Harrington.  Mr. Harrington has long been aware that his photographs were available on websites that did not identify him as the owner or copyright proprietor of the images in question; and for years he took no action to notify the hosts of the websites that the images were his and should be removed.  He knew and intended that having these photographs available on those websites might induce innocent users to download his photographs.

7.      Acting in accordance with his business model as described above, Mr. Harrington employed a specialized search service to identify persons such as 360 who have downloaded an image of a photograph he had taken and then posted on their own website or social media platform. He then directed his lawyers to threaten and if necessary pursue a claim for copyright infringement against such persons unless they paid an extortionate amount to compensate Mr. Harrington for the alleged infringement.  In all these actions Mr. Harrington acted knowingly and willfully, with legal malice, to implement a scheme to misuse the copyright law and illegally extort money from the targets of his scheme, including 360.

8.      In all its actions described above, 360 was unaware of any claim by Mr. Harrington that copyright in the subject image was owned by Mr. Harrington; and had no reasonable way of knowing so.  Promptly upon receiving the letter from Mr. Harrington's lawyers referenced above, 360 took steps to investigate the legitimacy of Mr. Harrington's claim and then as precautionary measure removed the image from its Facebook page, and has committed not to make any further use or reproduction of the subject image.

9.      After receiving the threatening letter from Mr. Harrington's lawyers 360 contacted undersigned counsel who agreed to represent it should Mr. Harrington continue to seek any

compensation or pursue any claim for damages against it for copyright infringement.  Undersigned

counsel contacted Mr. Harrington's attorneys, who advised him that Mr. Harrington would file suit

unless a payment acceptable to him would be made.

10.     In furtherance of his scheme to improperly and unlawfully extort money from those

who innocently download unidentified images of his photographs, Mr. Harrington filed the instant

lawsuit against 360.

## COUNT I
### (Declaratory Judgment under 28 U.S.C. § 2201 et seq.)

In all these actions Mr. Harrington acted knowingly and willfully, with legal malice,

to implement a scheme to misuse the copyright law and illegally extort money from

the targets of his scheme., including 360.

11.     360 realleges and incorporates herein by reference the allegations in paragraphs 1

through 10 above.

12.     There exists an actual controversy between the Parties as to whether Mr.

Harrington, by his conduct described herein, has been and is misusing protection provided by the

U.S. Copyright Act to owners of creative works of authorship in filing his lawsuit against 360.

13.     For the reasons set forth above, Mr. Harrington has misused and is further

threatening to misuse any copyright he owns in the image that is the subject of his claim against

360, and 360 is entitled to a declaratory judgment that Harrington's conduct precludes his claim

for copyright infringement against 360.

## COUNT II
### (Violation of New Mexico Unfair Practices Act, 1978 NMSA § 57-12-1 et seq.)

14.     360 realleges and incorporates herein by reference the allegations in paragraphs 1

through 13 above.

15.     By his actions described above, Mr. Harrington has acted knowingly and willfully, as part of his regular course of business conduct prior to and in connection with his dealings with 360, sought to lure 360 and others into unwittingly committing entirely innocent violations of the Copyright Act, and to sue such persons, and in doing so falsely represent to the public that he is acting in good faith in legitimate pursuit of his rights, all in a way that is injurious to the targets of his misconduct, such as 360 herein, and the myriad of other members of the consuming public who have been and in the future may be entrapped by his calculated misuse of the copyright laws.  All this is injurious to the public and fair competition with respect to other photographers who do not engaged in such misuse of their copyrights and their customers.

16.     By these actions described above Mr. Harrington has damaged 360 and threatens to further damage 360 and others, in violation of the New Mexico Unfair Practices Act, and 360 is entitled to recover three times its actual damages and to receive an award of attorney's fees it reasonably incurs in securing relief it is seeking.

## COUNT III
### (Prima Facie Tort)

17.     360 realleges and incorporates herein by reference the allegations in paragraphs 1 through 16 above.

18.     By intentionally committing the actions described herein of asserting ownership of copyright in his photographic image and suing for infringement, Mr. Harrington engaged in conduct that would be legal, had he not done so after having knowingly and intentionally lured 360 into downloading and reproducing the subject image as part of his business model, but here for the improper purpose of attempting to exact extortionate payment from 360.

19.     By his actions described above Mr. Harrington's conduct was for the purpose of and has had the effect of causing damage to 360, and 360 is accordingly entitled to recover damages for prima facie tort, in an amount to be determined at trial.

## RELIEF REQUESTED

Based on the facts alleged above, 360 requests the Court enter judgment in its favor, as follows:

1.     ORDER that Mr. Harrington's claims be denied and that his complaint be dismissed with prejudice.

2.     ORDER that Mr. Harrington be permanently enjoined from threatening to sue or suing 360 for copyright infringement with respect to images Harrington allows to be publicly available without identifying the fact that such images are subject to copyright protection or that he is the copyright owner of the image, acting pursuant to his business model by which he attempts to lure innocent persons to download and use such images.

3.     ORDER Mr. Harrington to pay 360 damages in an amount to be proven at trial.

4.     ORDER Mr. Harrington to pay 360 damages in an amount three times its actual damages.

5.     ORDER Mr. Harrington to pay 360 punitive damages for Harrington's knowing, willful and malicious action in violation of 360's rights.

6.     ORDER Mr. Harrington to pay 360 the attorney's fees it reasonably incurs in seeking relief in this matter.

7.     ORDER Mr. Harrington to pay 360 the costs they incur allowable by law.

8.     ORDER Mr. Harrington to pay 360 post-judgment interest on all amounts

awarded to it, at the statutory rate.

9.     ORDER such further relief as the Court deems just and proper.

## JURY DEMAND

360 demands trial by jury on all claims asserted herein for which trial by jury is allowed.

Respectfully submitted,
By: /s/ Jeffrey L. Squires
PEACOCK LAW P.C.
Jeffrey L. Squires
NM Bar No.  143015
201 Third St. NW, Suite 1340
Albuquerque, NM  87102
Tel:  (505) 998-6116
Fax:  (505) 243-2542
*Attorneys for Defendant*