UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BLAINE HARRINGTON, III, )<br><br>Plaintiff/Counterclaim Defendant, )<br><br>v. )<br><br>360 ABQ, LLC d/b/a/ 360 VENTURES )<br>        REAL ESTATE )<br><br>        Defendant/Counterclaim Plaintiff    ) | Case No.1:22-cv-00063-KWR-JHR |

**DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## I.        INTRODUCTION

Defendant/Counterclaim Plaintiff 360 ABQ, LLC ("360"), by its undersigned counsel,

acting pursuant to Rule 37(a), F.R.C.P. and Rule 26.6 of the Local Rules of the Court, D.N.M.LR

civ. 26.6, requests this Court to order Plaintiff/Counterclaim Defendant Blaine Harrington III

("Harrington") to provide answers to certain of 360's first set of interrogatories and to produce

documents in response to certain of 360's first set of document requests served on Plaintiff on

June 15, 2022, to which Harrington has objected.  Harrington's objections were set forth in his

written responses to 360's interrogatories and document requests served on July 10, 2022, copies

of which are submitted herewith as Exhibits 1 and 2, respectively.[1]

360 is requesting the Court to order Harrington to provide answers to interrogatories

number 4, 8, 9, 10 and 13; and to provide written responses and produce documents responsive

---

[1] In compliance with Local Rule 7.1(a), D.N.M. LR civ 7.1(a), 360 states that the parties participated in an informal discovery conference with Judge Ritter on July 22, 2022, at which time the parties discussed 360's objections to Harrington's disputed discovery responses that are the subject of this motion to compel.  Harrington's counsel declined to withdraw Harrington's objections to the disputed discovery, and acknowledged 360 would need to file a motion to compel.  Accordingly, 360 submits it has complied with its obligation under Local Rule 7.1(a).

to document requests number 1, 6, 10, 14, 15, 16 and 19.  These discovery requests sought information and documents essential to 360's defense of copyright misuse and its counterclaims, all based on detailed allegations in its Answer and Counterclaims herein [Doc. 5].  To summarize, 360 has alleged that Harrington has been engaged for years in a scheme by which he knowingly allows photographs he has taken to appear on a variety of websites that do not identify him as the photographer or copyright owner, that he monitors websites to identify those who download and use his photographs but takes no action to prevent the websites from making his photographs available, and then threatens to sue and demands payments from those who unwittingly download his photos of amounts many times in excess of the fair value of their use of the photos, threatening to impose costs of defense of a claim of infringement far in excess of the ransom he demands.  If his targets refuse to settle, he sues and demands excessive payments to avoid the even greater costs of defense, knowing that many of his targets cannot afford to defend a lawsuit in federal court.  360 contends that Harrington's conduct constitutes misuse of copyright, that enforcement of his copyright under these circumstances is not protected by the Copyright Act; and that his conduct violates the New Mexico Unfair Practices Act and is tortious under the common law principles of prima facie tort recognized in New Mexico.  See 360's Affirmative Defense No. 2 and Counterclaims ¶¶ 5-10.

It is critical to understand that 360 is not asserting that photographers should not be able to enforce their copyrights against infringers.  Rather, in its affirmative defense of copyright misuse and its affirmative claims it contends that Harrington is consciously engaged in a scheme to extort excessive payments from those like 360, in which he knowingly allows his photographs to be available on websites that do not identify him as author or copyright owner, takes no action to prevent the availability of those photographs, monitors the downloading of those photos by the

public (taking no action to prevent the websites from posting his photos without attribution), and knowing how costly it is to defend infringement claims in federal courts, demands unreasonable excessive payments from users of his photos who had no knowledge of his copyright and are willing to make ransom-type payments to avoid incurring even greater costs of defense.  360 and others like it in similar cases brought in this and other courts contend that this is an improper use of copyright, which does not serve the constitutional-authorized purpose of copyright to serve the public interest by authorizing Congress to pass laws that encourage authors to create works of authorship for the public benefit.  U.S. Constitution, Article 1, Section 8 Clause 8 gives Congress the power "To promote the Progress of Science and Useful Arts, by securing for limited times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."  The protection offered to authors through the Copyright Act, 17 U.S.C § 101 et. seq., has been expressly and consistently held to be of secondary importance, intended to serve the public interest in having access to the fruits of authors' creative output.  See e.g., Feist Publications, Inc. v. Rural Telephone Co., 499 U.S. 340, 111 S. Ct. 1282 (1991) (the primary purpose of offering incentives to creators of works of authorship as provided by the copyright law is to serve the interest of the public in having access to such creative works).  Harrington's actions to enforce his copyrights do not serve such a public purpose.

## BACKGROUND FACTS

A.  Harrington's Infringement Claim

Harrington's attorneys wrote to 360 on January 6, 2022, demanding it pay him $30,000 to avoid his filing a lawsuit for copyright infringement based on 360's downloading of a photograph showing balloons flying over Albuquerque, of which Harrington claimed to be the

photographer and copyright owner.[2]  360 answered, asserted affirmative defenses including

misuse of copyright, and alleged three counterclaims, seeking a declaratory judgment of non-

infringement and alleging violation of New Mexico's Unfair Practices Act, 1978 NMSA § 57-

12-1 et. seq. and prima facie tort.  Central to its defense and counterclaims was the contention

that Harrington had orchestrated a scheme to extort excessive payments from 360 and others, as

described above.  Harrington moved to have 360's misuse defense stricken, and its counterclaims

dismissed for failure to state causes of action [Doc. 7].  This Court denied Harrington's motion

[Doc. 15].  The parties then served discovery requests, leading to 360's motion to compel.

As stated above, Harrington objected to and refused to produce answers or documents in

response to 360's interrogatories numbered 4, 8, 9, 10 and 13 and its document requests

numbered 1, 6, 10, 14, 15, 16 and 19.  These request sought information about the breakdown

and amounts Harrington earned from his litigation activities and settlements of claims he has

asserted, as compared with earnings from his business of taking and licensing his photographs to

customers (interrogatories no. 4 and 13; document requests no. 6, 14, 15, 16, and 19);

information about websites on which his photographs were available without attribution of his

copyright ownership and any efforts he made to have his photographs removed from those

websites (interrogatories no. 8, 9, and 10; document request no. 10); and information showing

the identity and volume of payments he received from persons against whom Harrington has

made similar demands since January 1, 2015 (document request no. 1).  All these requests sought

---

[2] The letter was a form letter, essentially identical to letters Harrington's lawyers routinely sent to others he threatens with such suits.  A PACER search reveals Harrington has asserted infringement claims against approximately eight alleged infringers in this Court since the beginning of 2022; and undersigned counsel represents others in this district who have received the same form letter, but who have not yet been sued.

information that must be within Harrington's possession, custody or control and is relevant to 360's claims and defenses. None of these requests sought information to which 360 otherwise has access.

In response to these requests Harrington raised objections, either repeatedly reiterating that the information was not relevant because 360's copyright misuse claims were invalid (see Harrington's responses to interrogatories no. 4 and 13 and to documents requests no.1, 6, 10, 14, 15 and 19);[3] or that, with respect to any unauthorized websites or his efforts to have his photographs removed from those websites, the requests were overbroad and irrelevant and he could not be expected to respond given the volume of his photographs or the number of such websites (responses to interrogatories 8, 9, and 10). He objected to producing documents evidencing his earnings from the sale or licensing of his photography – as distinct from his litigation activities – by making a non-responsive reference to the subject of an infringer's profits that can be the subject of a remedy under the Copyright Act, and claiming irrelevance (response to document request no. 16).

Harrington has also objected to several of 360's discovery requests seeking information about others with whom he has entered settlements and the terms of those settlements reached after his threats of litigation, on the ground that such information is confidential. (See Harrington's responses to 360's interrogatory no. 13 and document requests no. 6, 14, 15 and 19. Harrington makes no mention of the fact that, by agreement of the parties at the May 9, 2022 settlement conference conducted by Judge Fashing in the case of Adler Medical, LLC et. al. v. Harrington, 1-22-cv-00072-KG-LF, in which 360 participated with the consent of Judge

---

[3] Harrington makes no mention of the Court's denial of his motion to strike and dismiss 360's misuse defense and counterclaims, which motion Harrington based on the same arguments he now makes to justify his refusal to provide answers and responses to discovery.

Ritter, it was agreed that 360 would be governed by the terms of the confidentiality order entered in that case [Doc. 22 in the Adler matter].

After receiving Harrington's objections to 360's discovery requests on July 10, 2022, 360's attorney wrote to Harrington's attorney on July 15, 2022 setting out objections to Harrington's objections and refusal to provide responsive information.  A copy of that letter, stating reasons that justify 360's demand for compliance with the requested discovery, is submitted herewith as Exhibit 3.  On July 21, 2022 Harrington's lawyers responded briefly, reiterating that 360 was seeking information not relevant in the case, but otherwise not meaningfully responding to the substance of 360's contentions.  A copy of that letter is submitted herewith as Exhibit 4.  The parties then participated in an informal discovery conference with Judge Ritter on July 22, 2022, but no resolution of their dispute was achieved.

### III.    ARGUMENT

A.  Standard governing discovery.

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Rule 26(b)(1), F.R.C.P.  The factors that bear upon proportionality are:  "the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its like benefit."  Id.  The Federal Rules of Evidence define relevant evidence as that which has "any tendency to make a fact more or less probable than it would be without the evidence," where "the fact is of consequence in determining the action."  Rule 401, F.R.E.

The scope of discovery under the federal rules is broad.  Gomez v. Martin Marietta Corp.,

50 F.3d 1511, 1520 (10th Cir. 1995); Sanchez v. Matta, 229 F.R.D. 649, 654 (D.N.M. 2004) (The

federal courts have held that the scope of discovery should be broadly and liberally construed to

achieve full disclosure of all potentially relevant information.").  Rule 26 and the specific rules

that follow are intended to implement the basic proposition that knowledge of the relevant facts

is essential to proper litigation.  Hickman v. Taylor, 329 U.S. 495, 507 (1947).  As a result, Rule

26 "contemplates discovery into any matter that bears on or that reasonably could lead to other

matter[s] that could bear on any issue that is or may be raised in a case."  Anaya v. CBS

Broadcasting, Inc., 251 F.R.D. 645, 649 (D.N.M. 2007) (internal quotation marks omitted)

(brackets in original).

     While discovery is not without limits, to legitimately resist discovery a party must

shoulder the burden of showing it should not be required to comply.  Generally, a party opposing

discovery has the burden of showing discovery is not warranted:

> When discovery sought appears relevant, the party resisting the discovery has
> the burden to establish the lack of relevance by demonstrating that the requested
> discovery (1) does not come within the scope of relevance as defined under Fed.
> R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm
> occasioned by discovery would outweigh the ordinary presumption in favor of
> broad disclosure.

Johnson v. Kraft Foods N. Am., Inc. 237 F.R.D. 648, 653 (D. Kan. 2006).  Only when the

request is overly broad on its face or when relevancy is not readily apparent, the party seeking

the discovery has the burden to show the relevancy of the request.  *Id.*  Only when a discovery

request "is overly broad on its face or when relevancy is not readily apparent" does the

proponent have the burden of showing relevancy *Id.*

     The concept of proportionality, introduced into Rule 26(b)(1) by the 2015 Amendments

to the Federal Rules, was intended to emphasize the need to be pragmatic in weighing the factors

to be applied in determining what discovery was appropriate, given the particular facts of any

given case in which disputes might arise.  See Committee Notes accompanying the 2015 Amendment.  It was not intended to limit discovery seeking relevant information uniquely within the control of an objecting party that is clearly relevant to central issues in a lawsuit, especially when – as is here the case – there is no basis to find that the discovery sought by 360 would create extraordinary burdens for Harrington's compliance.  See, e.g. Landry v. Swire Oilfield Services, LLC, 323 F.R.D. 360, 379-382 (D.N.Mex. 2018). (concept of proportionality was always a part of the standards governing discovery , but was emphasized in the 2015 amendments to confirm the need to be reasonable and avoid wasteful discovery concerning tangential matters that would impose unreasonable burdens on the party from whom discovery was sought).  360 notes here – and acknowledges with respect to its document requests – that it is not expecting Harrington to produce documents that do not exist, or that he (or his agents and representatives) do not have in their possession, custody or control.

    B.  Discovery sought by 360 is relevant to issues in case.

    In order to establish its defense of copyright misuse and its counterclaims for unfair practices and prima facie tort, 360 will have to offer evidence supporting its allegations that Harrington's lawsuit was brought as part of a scheme, i.e., a practice he has consciously adopted and followed, of knowingly allowing his photographs to be available without attribution of his creation or copyright on the web, and then threatening to sue and suing if necessary those who, without knowledge of his claim to copyright, download and use his photos for background on their websites or social media pages, and demanding amounts to settle his claims that are extortionate in amount relative to the fair value of the use of the photos or damages he could realistically expect to recover – knowing that the persons he claims to pursue will likely pay

extortionate amounts rather than incur the costs of defense.[4]  All 360's discovery requests here at issue seek information relevant to its misuse defense and necessary to prove its case.

360's disputed discovery requests seek information about the persons Harrington has threatened with similar infringement claims; the amounts he has recovered from such activities; the websites Harrington has knowledge of posting his photos without attribution of his copyright; his efforts to prevent such websites from making his photos available; and the proportion of the amounts he collects from alleged infringers compared with the amounts he earns from the sale and licensing of his photographs to his customers.  Such information should be provided.  See, e.g., the court's ruling on just such a discovery dispute involving another accused copyright troll photographer in Oppenheimer v. Williams, 2021 WL 4086197 (D.S.Car. Sept. 18, 2021), discussed in undersigned counsel's letter to opposing counsel submitted herewith as Exhibit 3.[5]

In Oppenheimer defendants sought information concerning the income of a prolific photographer/copyright litigant.  The court there observed that "[c]ourts routinely factor a copyright plaintiff's status as a copyright troll into their damages calculus" and cited another case brought by the same plaintiff in which the judge had found evidence of that plaintiff's "previous copyright litigation relevant to the issue of damages" and ordered the recalcitrant photographer to produce a list of his copyright litigation cases and settlement value and terms

---

[4] It is particularly noteworthy and suggestive of his motive that, of the 80 or so defendants he has sued in federal courts throughout the country (representing only a portion of those he has threatened), Harrington has never actually tried any of his cases.  According to his discovery responses (see his Answer to interrogatory no. 14 in Exhibit 1 here submitted), the only favorable judgments he has obtained were two default judgments and one case in which he was awarded summary judgment for $3,200 in statutory damages (and was denied his request for attorneys fees).

[5] This is the only reported decision of which 360 is aware concerning a discovery dispute in a matter that presents similar facts as the present case.

reached.  Oppenheimer v. Williams, supra *3, citing Oppenheimer v. Scarafile et al., 2:19-cv-3590-RMG (D.S.C.), ECF No. 55 at 5.  The court in Oppenheimer v. Williams ordered the plaintiff to produce "evidence of all his previous copyright claims and/or demands, including the revenues he derived from each." Id. *4.  That is what 360 seeks here – along with information about websites on which Harrington's unattributed photos were posted and any efforts to have them removed.[6]

Harrington's objections to the relevance of information sought by 360 were largely based on the 2008 decision in Home Design Services, Inc. v. B&B Custom Homes, LLC, 2008 U.S.Dist. LEXXIS 55980 (D.Colo. May 30, 2008).  Other than the fact that Home Design was a copyright infringement case in which defendants asserted a misuse defense (based on the contention that plaintiff was asserting copyright in uncopyrightable elements of his architectural drawings), that case has nothing in common with the present case or Harrington's efforts to avoid discovery.  Neither Home Design or other cases cited by Harrington in his standardized objections (see objections to 360's interrogatories no. 4 and 13 and document requests no. 1, 6, 14, and 15) provide any basis for denying 360's discovery requests here at issue, as shown in the letter from 360's counsel submitted herewith as Exhibit 3.  The discussion in that letter of Harrington's reliance on those cases is incorporated here by reference.

The information 360 seeks is relevant not only to the issue of Harrington's claim for damages.  It will provide evidence 360 needs to show the nature and extent of Harrington's practices that support 360's misuse defense and affirmative claims for relief – all of which

---

[6] The Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, provides a convenient and relatively inexpensive way for copyright owners to have infringing works removed from websites.  In his response to 360's interrogatory no. 8 Harrington provided only illegitimate objections and excuses for not providing responsive information.

survived Harrington's motion to strike and dismiss.  Harrington's refusal to produce discovery responses is in furtherance of a conscious effort to prevent 360 from securing evidence necessary to its defense and proof of its claims.

    C.  There is no disproportion between the discovery 360 seeks and any burden on Harrington that could justify Harrington's refusal to provide the requested discovery.

    The discovery sought by 360 is proportional to its needs for the case and would place no unreasonable burden on Harrington.  All the factors to be applied in evaluating proportionality (see Argument Section A supra) favor 360 and its motion:  The issue of the proper scope of a prolific litigant's efforts to impose extortionate costs on targets of his lawsuits is important; the amount in controversy – not great on an individual scale – is great when one considers the extent of the plaintiff's litigation, against others similarly situated; only Harrington can provide the information 360 seeks; discovery is the only tool available to 360 to obtain information relevant to the issues presented; and the burden on Harrington – who has control over and access to the information sought – is not great.  There is no reasonable justification for allowing him to avoid discovery, just as the court in Oppenheimer v. Williams, supra, did not allow the photographer in that case to avoid discovery of the same kind of information sought by 360.

    D.  Harrington has offered no facts or reasons to justify his objections to discovery.

    Harrington has based a number of his objections to producing information about persons he has threatened with infringement suits, or the terms of settlements reached, on protecting the confidentiality of such information.  See, e.g., his responses to interrogatory no. 13 and document requests 6, 14, and 15.  These objections are pretextual.  First, confidentiality is no justification for a refusal to produce information in discovery.  See e.g. Sugar v. Tackett, 2021 WL 5769463, *3 (D.N.Mex Dec. 6 2021). Moreover it is evident that Harrington imposes confidentiality provisions on those who agree to settle his claims – there is no reason for anyone

but him to care.  And this proceeding is in any event subject to the terms of Stipulated

Confidentiality and Protective Order which the parties adopted at the time 360 participated in a

settlement conference in the Adler case on May 9, 2022.  Further, if that were not sufficient,

rather than object to discovery on the basis of confidentiality, Harrington would have been

required to seek a protective order under Rule 26(c), F.R.C.P.  He was not entitled to simply

object to discovery on the basis of confidentiality as basis for refusing to respond.  See Sugar v.

Tuckett, supra and Ellis v. Hobbs Police Department, 2019 WL 3388549, *6 (D.N.Mex. July 26,

2019).  Harrington's claim that providing information about the persons with whom he reached

settlement and the terms of those settlements is just one more example of his conscious effort to

avoid providing information needed by 360 to establish its defense and prove its affirmative

claims in this case.

     E.  Plaintiffs are entitled to an award of their expenses including attorneys' fees, in
connection with their motion to compel.

     Rule 37(a)(5), F.R.C.P. provides that if a motion to compel is granted, or prompts the

requested disclosure, the court "must" require the party whose conduct necessitated the motion

or the attorney advising the conduct to pay the moving party's expenses, including attorneys'

fees, incurred in making the motion.  The only exceptions to that requirement are if the moving

party failed to first attempt in good faith to attempt to obtain the discovery; the opposing party's

objection was substantially justified; or circumstances made an award of expenses unjust.  Rule

37(a)(5)(A)(i-iii).  None of those exceptions exist here.  See, e.g., Walker v. THI of New Mexico

at Hobbs Center, 2011 U.S. Dist. LEXIS 158815, *14 (D.N.Mex. June 10, 2011) (Court ordered

defendant to amend an interrogatory answer and produce documents responsive to several

document requests, and awarded plaintiff 2/3 of her expenses, after finding 1/3 or defendant's

responses were substantially justified).

Here Harrington cannot justify his discovery conduct. He has refused, after good faith efforts by 360 to obtain discovery, to answer interrogatories or produce documents seeking information relevant to 360's affirmative defense, its counterclaims, and need for information, all within the scope of discovery. Harrington has refused to comply with his discovery obligations in order to stymie 360, pure and simple. An award of expenses including attorneys fees should be made.

## CONCLUSION

For reasons set forth above this Court should order Harrington to answer interrogatories and produce documents as requested by 360 in this motion. The Court should further order Defendant to reimburse Plaintiff for its costs, including attorneys' fees, reasonably incurred in seeking the relief here being requested.

Respectfully submitted,

/s/ Jeffrey L. Squires
Jeffrey L. Squires
PEACOCK LAW P.C.
201 Third Street NW, Suite 1340
Albuquerque, NM  87102
Tel: (505) 998-6116
jsquires@peacocklaw.com
*Counsel for Defendant*

*G:\A-Clients\Stafford, David\LIT\360ABQ (Strafford, David\LIT\Defendant Counterclaim Plaintiff's Motion to Compel Discovery.pdf*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BLAINE HARRINGTON, III, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| 360 ABQ, LLC d/b/a/ 360 VENTURES | ) |
| REAL ESTATE | ) |
| | ) |
| Defendant/Counterclaim Plaintiff | ) |

Case No.1:22-cv-00063-KWR-JHR

**CERTIFICATE OF SERVICE FOR DEFENDANT/COUNTERCLAIM PLAINTIFF'S
MOTION TO COMPEL DISCOVERY**

I hereby certify that on this 27th day of July, 2022, a true and correct copy of  foregoing

Defendant/Counterclaim Plaintiff's Motion to Compel Discovery to Plaintiff/Counterclaim

Defendant Blaine Harrington III in the above-captioned matter was filed and served via the courts

CM/ECF system, along with this Certificate, to the following counsel of record:

Daniel DeSouza
COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL  33065
Telephone:  (877) 437-6228
Email: dan@copycatlegal.com

*/s/ Jeffrey L. Squires*