IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-CV-00063-LF-JHR

BLAINE HARRINGTON III,

    Plaintiff,

v.

360 ABQ, LLC d/b/a 360 VENTURES REAL ESTATE,

    Defendant.

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff/counter-defendant Blaine Harrington III ("Plaintiff") submits these responses to defendant 360 ABQ, LLC d/b/a 360 Ventures Real Estate's ("Defnedant") First Request for Production (the "Document Requests") as follows:

### GENERAL OBJECTIONS

1.     Plaintiff objects to the "Definitions and Instructions" of the Document Requests to the extent they purport to dictate treatment of confidential documents, especially with respect to documents for which a contractual duty of confidentiality exists.

### REQUESTS FOR PRODUCTION

1.     Letters written by you or anyone acting on your behalf since January 1, 2015 in which a claim was asserted that the addressee had infringed the copyright you claim to own in a photograph you had taken.

**Response:** Plaintiff objects to this request as not relevant to the claims or defenses at issue in this lawsuit. See, e.g. Home Design Servs. v. B&B Custom Homes, LLC, Civil Action No. 06-cv-

00249-WYD-GJR, 2008 U.S. Dist. LEXIS 55980, at *13 (D. Colo. May 30, 2008) ("The fact that the Plaintiff has been successful in protecting copyrighted designs and has generated revenue through litigation would not appear to pertain to the elements of the defense of copyright misuse. The fact that the Plaintiff has litigated claims under the federal Copyright Act and has been successful in that litigation fact does not indicate to this Court that the Plaintiff has engaged in copyright misuse. The Defendants must establish that the Plaintiff extended its purported monopoly beyond the scope of the copyright. I find that litigation revenue of the Plaintiff in other cases around the country does not tend to show that the Plaintiff illegally extended its monopoly beyond the scope of the copyright laws. I find that the information sought by Defendants with regard to Plaintiff's litigation revenue from around the country is unlikely to lead to the discovery of admissible evidence regarding the Defendants' affirmative defense of copyright misuse, based on an extension of a purported monopoly."); see also Helena Chem. Co. v. Uribe, 2012-NMSC-021, ¶ 15, 281 P.3d 237, 242 (N.M. Sup. Ct. 2012) (litigation privilege); CSMN Invs., Ltd. Liab. Co. v. Cordillera Metro. Dist., 956 F.3d 1276, 1283 (10th Cir. 2020) (Petition Clause immunity).

The fact that Plaintiff has sent demand letters to other parties who infringed his copyrights has no relevance to whether Plaintif extended the monopoly provided by the Copyright Act or somehow committed a personal tort against Defendant.

2. Documents evidencing all expenses you incurred in connection with taking the Subject Photograph.

**Response:** Plaintiff is not in possession, custody, or control of any documents responsive to this request.

3. All correspondence between you and the U.S. Copyright Office concerning your application to register copyright in the Subject Photograph, inclusive of the application and any photographs or other material submitted as part of the application.

**Response:** Plaintiff is not in possession, custody, or control of documents responsive to this request.

4. Documents supporting your allegation that 360 ABQ, LLC acted willfully in connection with its alleged infringement of your copyright in the Subject Photograph.

**Response:** Documents responsive to this request are being produced contemporaneously herewith.

5. Documents evidencing the terms of all licenses you have granted to others for use of the NM CCIM Photograph since you created it.

**Response:** Plaintiff objects to this request as the term "NM CCIM Photograph" is not defined in the Document Requests.

6. Documents evidencing the terms on which you have agreed to settle any claim for infringement of copyright you asserted with respect to any photograph, whether or not such claim was asserted by lawsuit or by written demand to an alleged infringer, since January 1, 2015.

**Response:** Plaintiff objects to this request as not relevant to the claims or defenses at issue in this lawsuit. See, e.g. Home Design Servs. v. B&B Custom Homes, LLC, Civil Action No. 06-cv-00249-WYD-GJR, 8 U.S. Dist. LEXIS 55980, at *13 (D. Colo. May 30, 2008) ("The fact that the Plaintiff has been successful in protecting copyrighted designs and has generated revenue through litigation would not appear to pertain to the elements of the defense of copyright misuse. The fact that the Plaintiff has litigated claims under the federal Copyright Act and has been successful in that litigation fact does not indicate to this Court that the Plaintiff has engaged in

3
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

copyright misuse. The Defendants must establish that the Plaintiff extended its purported monopoly beyond the scope of the copyright. I find that litigation revenue of the Plaintiff in other cases around the country does not tend to show that the Plaintiff illegally extended its monopoly beyond the scope of the copyright laws. I find that the information sought by Defendants with regard to Plaintiff's litigation revenue from around the country is unlikely to lead to the discovery of admissible evidence regarding the Defendants' affirmative defense of copyright misuse, based on an extension of a purported monopoly."); see also Helena Chem. Co. v. Uribe, 2012-NMSC-021, ¶ 15, 281 P.3d 237, 242 (N.M. Sup. Ct. 2012) (litigation privilege); CSMN Invs., Ltd. Liab. Co. v. Cordillera Metro. Dist., 956 F.3d 1276, 1283 (10th Cir. 2020) (Petition Clause immunity).

The fact that Plaintiff has settled with or been successful against other parties who infringed his copyrights has no relevance to whether Plaintiff extended the monopoly provided by the Copyright Act or somehow committed a personal tort against any Defendant.

Plaintiff likewise objects to this request as seeking disclosure of information protected by confidentiality clauses governing multiple settlement agreements (as Plaintiff would be in breach of confidentiality obligations by producing such absent a court order).

7.     Documents evidencing actual damages you have suffered as a result of 360 ABQ, LLC's alleged infringement of your copyright in the Subject Photograph.

**Response:**  Documents responsive to this request are being produced contemporaneously herewith.

8.     Documents evidencing the terms of any licenses you have granted for use, by reproduction or otherwise, of any group of photographs that included the Subject Photograph.

**Response:**  Plaintiff is not in possession, custody, or control of any documents responsive to this request.

9. Documents evidencing the terms of any agreements you have entered with a photo agency or similar person or business, by which you have authorized such agency or person to grant licenses to others for the use of the Subject Photograph or any group of photographs that included the Subject Photograph, which agreements have been in effect at any time since you created the Subject Photograph.

**Response:** Documents responsive to this request are being produced contemporaneously herewith.

10. Documents you have sent to any person, including but not limited to DMCA takedown Notices that are the subject of 17 U.S.C. § 512, by which you sought removal of any photographs you have created from any website on which a photograph in which you claim to own copyright has been posted.

**Response:** See response to Request No. 1.

11. Documents, other than those responsive to the preceding request no. 10, evidencing any action you took to prevent any web site or host from using, reproducing or displaying any photograph in which you asserted you owned the copyright.

**Response:** Documents responsive to this request are being produced contemporaneously herewith.

12. Documents evidencing all complaints you have filed for copyright infringement in photographs you have taken since January 1, 2015.

**Response:** See response to Request No. 1. Plaintiff likewise objects to this request (to the extent it seeks production of the Complaints that are publicly-available on PACER and for which a list thereof Defendant already attached to its interrogatories) as seeking information equally available to Defendant.

13. Documents evidencing all amounts you have been awarded by courts in judgments entered in your favor in any of the cases in which you filed complaint that are referenced in request no. 12.

**Response:** See response to Request No. 12. Defendant has equal access to PACER and can itself download the 3 judgments that Plaintiff has secured for copyright infringement: (1) Harrington III v. Equity Asset & Property Management, Inc. d/b/a Equity Residence, LLC, Case No. 3:18-cv-00216 (S.D. Cali.); (2) Harrington III v. African American Matchmaking, Case No. 3:16-cv-00084 (W.D. Virginia); (3) Harrington III v. Aerogelic Ballooning, LLC, Case No. 1:18-cv-02023 (D. Colorado).

14. Documents evidencing all amounts you have agreed to accept in settlement of any of the cases in which you filed complaints that are referenced in request no. 12.

**Response:** Plaintiff objects to this request as not relevant to the claims or defenses at issue in this lawsuit. See, e.g. Home Design Servs. v. B&B Custom Homes, LLC, Civil Action No. 06-cv-00249-WYD-GJR, 2008 U.S. Dist. LEXIS 55980, at *13 (D. Colo. May 30, 2008) ("The fact that the Plaintiff has been successful in protecting copyrighted designs and has generated revenue through litigation would not appear to pertain to the elements of the defense of copyright misuse. The fact that the Plaintiff has litigated claims under the federal Copyright Act and has been successful in that litigation fact does not indicate to this Court that the Plaintiff has engaged in copyright misuse. The Defendants must establish that the Plaintiff extended its purported monopoly beyond the scope of the copyright. I find that litigation revenue of the Plaintiff in other cases around the country does not tend to show that the Plaintiff illegally extended its monopoly beyond the scope of the copyright laws. I find that the information sought by Defendants with regard to Plaintiff's litigation revenue from around the country is unlikely to lead to the discovery

of admissible evidence regarding the Defendants' affirmative defense of copyright misuse, based on an extension of a purported monopoly."); see also Helena Chem. Co. v. Uribe, 2012-NMSC-021, ¶ 15, 281 P.3d 237, 242 (N.M. Sup. Ct. 2012) (litigation privilege); CSMN Invs., Ltd. Liab. Co. v. Cordillera Metro. Dist., 956 F.3d 1276, 1283 (10th Cir. 2020) (Petition Clause immunity).

The fact that Plaintiff has settled with or been successful against other parties who infringed his copyrights has no relevance to whether Plaintiff extended the monopoly provided by the Copyright Act or somehow committed a personal tort against Defendant.

Plaintiff likewise objects to this request as seeking disclosure of information protected by confidentiality clauses governing multiple settlement agreements (as Plaintiff would be in breach of confidentiality obligations by producing such absent a court order).

15.   Documents evidencing all amounts you have agreed to accept in settlement of any matters in which you asserted your copyright in a photograph you had taken had been infringed, which matters were settled without you filing a complaint in court.

**Response:** Plaintiff objects to this request as not relevant to the claims or defenses at issue in this lawsuit. See, e.g. Home Design Servs. v. B&B Custom Homes, LLC, Civil Action No. 06-cv-00249-WYD-GJR, 2008 U.S. Dist. LEXIS 55980, at *13 (D. Colo. May 30, 2008) ("The fact that the Plaintiff has been successful in protecting copyrighted designs and has generated revenue through litigation would not appear to pertain to the elements of the defense of copyright misuse. The fact that the Plaintiff has litigated claims under the federal Copyright Act and has been successful in that litigation fact does not indicate to this Court that the Plaintiff has engaged in copyright misuse. The Defendants must establish that the Plaintiff extended its purported monopoly beyond the scope of the copyright. I find that litigation revenue of the Plaintiff in other cases around the country does not tend to show that the Plaintiff illegally extended its monopoly

beyond the scope of the copyright laws. I find that the information sought by Defendants with regard to Plaintiff's litigation revenue from around the country is unlikely to lead to the discovery of admissible evidence regarding the Defendants' affirmative defense of copyright misuse, based on an extension of a purported monopoly."); see also Helena Chem. Co. v. Uribe, 2012-NMSC-021, ¶ 15, 281 P.3d 237, 242 (N.M. Sup. Ct. 2012) (litigation privilege); CSMN Invs., Ltd. Liab. Co. v. Cordillera Metro. Dist., 956 F.3d 1276, 1283 (10th Cir. 2020) (Petition Clause immunity).

The fact that Plaintiff has settled with or been successful against other parties who infringed his copyrights has no relevance to whether Plaintiff extended the monopoly provided by the Copyright Act or somehow committed a personal tort against Defendant.

Plaintiff likewise objects to this request as seeking disclosure of information protected by confidentiality clauses governing multiple settlement agreements (as Plaintiff would be in breach of confidentiality obligations by producing such absent a court order).

16.   Documents evidencing your earnings from your conduct of a professional photography business for such activities as the sale or licensing of your photographs, but excluding any income resulting from judgments or settlement of claims of infringement you have asserted, in court or otherwise, since January 1, 2015.

**Response:** Plaintiff objects to this request as not relevant to the claims or defenses at issue in this lawsuit. The Copyright Act provides for disgorgement of an <u>infringer's</u> earnings/profits as an electable remedy – the profits of the copyright owner have no relevance to any claim arising under the Copyright Act. To the extent Defendant is seeking to show the ratio between Plaintiff's litigation to non-litigation profits/revenue, such has no relevance any of the claims or defenses herein as stated in response to Request No. 1.

17. Documents evidencing all communications you have had with the U.S. Copyright Office in connection with your application to register copyright in the Subject Photograph.

**Response:** See response to Request No. 3.

18. Documents evidencing any counterclaim filed against you in any case in which you sued a defendant for infringement of a copyright you had taken in which you claimed to own the copyright.

**Response:** See response to Request No. 12. Defendant has equal access to PACER and can itself download any counterclaim filed in the list of cases that Defendant is already aware of. Further, Plaintiff has only had counterclaims filed against him by Defendant's counsel who is presumably well-aware of the cases in which he filed such counterclaims.

19. Documents containing records you have kept since January 1, 2015 showing income you have received as the result of settlements or judgments you obtained as a result of your demands for payment for infringements of photographs you had taken in which you claimed to own copyrights

**Response:** See response to Request Nos. 14 and 15.

Dated: July 10, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
     Daniel DeSouza, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2022, I served the foregoing document via e-mail to: Jeffrey L. Squires, Esq. (jsquires@peacocklaw.com).

/s/ Daniel DeSouza
Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228