UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BLAINE HARRINGTON, III, | ) |
| | ) |
|     Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | )   Case No.1:22-cv-00063-KWR-JHR |
| | ) |
| 360 ABQ, LLC d/b/a/ 360 VENTURES REAL ESTATE | ) |
| | ) |
|     Defendant/Counterclaim Plaintiff | ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL**

Plaintiff Blaine Harrington III ("Harrington") opposes the motion of Defendant 360 ABQ, LLC ("360") to compel discovery on the basis that the discovery sought is irrelevant, relying solely on the decision of the District Court in Home Design Services, Inc. v. B & B Custom Homes, LLC, 2008 WL 2302662 (D. Colo. May 30, 2008). Harrington seeks on that basis to prevent 360 from securing information, much of which he alone could provide, about his actions that support 360's copyright misuse defense and its counterclaims, the factual basis for which is alleged in considerable detail in 360's Counterclaims, ¶¶ 5-10 [Doc. 5], and briefly summarized in its motion to compel at pages 8-9 [Doc. 27].

Harrington neglects to even mention this Court's previous ruling on his motion to dismiss 360's counterclaims and strike its copyright misuse defense [Doc. 15]. The Court there rejected the same argument he now makes that the decision in Home Design Services bars the claims and

defense asserted by 360.[1] Despite the Court's denial of his motion to strike and dismiss, he now argues the decision in that case justifies his refusal to provide responses to discovery intended to obtain facts that may support 360's claims and defense.

360 does not believe it is necessary to repeat the facts or restate its argument set out in its motion to compel. The discovery it seeks is expected to provide evidence that shows Harrington is engaged in the conduct as alleged in its answer and counterclaims, and that the conduct constitutes a misuse of copyright.[2] The information sought is known to Harrington and his representatives, and the documents sought would be in his possession or control, perhaps through his attorneys. Any concern based on confidentiality would be properly addressed in accordance with the Stipulated Confidentiality and Protective Order entered in the Adler Medical matter, by which the parties here are bound (see 360's motion to compel, pp. 5-6). No issue of privilege has been or could legitimately be asserted to bar the requested discovery. Harrington's refusal to provide discovery is nothing but an effort to prevent 360 from securing evidence relevant to and necessary for it to prove its defense and counterclaims.

360 has requested an award of its expenses, including attorney fees, incurred in connection

---

[1] In his opposition to 360's motion to compel, Harrington cites and quotes liberally from the decision in Home Design Services, on which he had relied in seeking dismissal of 360's affirmative defense and counterclaims. [Docs. 7 and 10]. He here contends--in addition to arguing that that decision makes 360's discovery requests irrelevant--that the Home Design court allowed discovery of the plaintiff's revenue only because it might tend to show that plaintiff's officers/witnesses had a pecuniary interest in the outcome of the case. See Home Design Services at *4 and Harrington's opposition at page 5. That is true--and certainly applies equally to Harrington in the present case. As to all non-financial information 360 is seeking, the Court here has rejected Harrington's challenge to the sufficiency of 360' pleading of its affirmative defense and counterclaims, and Harrington's objections to discovery are based solely on an apparent desire to relitigate his motion to dismiss, to prevent 360 from obtaining evidence supporting its pleading.

[2] 360 has given Harrington notice of its intention to offer expert testimony on the issue of copyright misuse, which testimony will be predicated on facts, some presently known but others that are the subject of its discovery Harrington is resisting.

with making it its motion to compel.  Should the Court grant its motion, either in its entirety or in substantial part, such an award would be appropriate.  Harrington has offered no basis for finding his objections substantially justified; nor cited circumstances that would make such award unjust.  And such award would be particularly appropriate when, as here, the objecting party's refusal is based on arguments already rejected by the Court, which appears to be an effort to prevent the moving party from obtaining information central to its case.  See, e.g., Tom v. S.B., Inc., 280 F.R.D. 603 (D.N.Mex. 2012).  While the discovery violations in that case as described by the court at pages 613-619 revealed numerous specific incidents of dishonesty and misbehavior, the principles there enunciated (including the purpose of sanctions to deter and sanction frivolous and abusive litigation; id. at pages 612 and 613), apply here.  Harrington's objections to discovery are frivolous and abusive, after the Court had overruled the same arguments in its prior order.  Sanctions, whether under the authority of Rule 37 or the general powers of the Court,[3] should be awarded.

## CONCLUSION

Based on the facts and for the reasons described in 360's motion to compel and this reply, the Court should order Harrington to produce the discovery requested and to pay 360 its costs, including reasonable attorneys fees, incurred in seeking this relief.

Respectfully submitted,

/s/ Jeffrey L. Squires
Jeffrey L. Squires
SQUIRES LEGAL COUNSEL, LLC
P.O. Box 92845
Albuquerque, NM  87199
Tel: (505) 835-5500
jsquires@squireslegal.com
*Counsel for Defendant*

---

[3]  See Chambers v. NASCO, Inc., 501 U.S. 32, 49, 111 S.Ct., 2123 (1991), cited in Tom at 61.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BLAINE HARRINGTON, III,           )<br>                                                          )<br>         Plaintiff/Counterclaim Defendant,  )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>360 ABQ, LLC d/b/a/ 360 VENTURES  )<br>         REAL ESTATE                          )<br>                                                          )<br>         Defendant/Counterclaim Plaintiff    ) | Case No.1:22-cv-00063-KWR-JHR |

**CERTIFICATE OF SERVICE
FOR
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL**

I hereby certify that on this 16th day of August, 2022, a true and correct copy of Defendant's Reply in Support of Its Motion to Compel in the above-captioned matter was filed and served, along with this Certificate, via the Court's CM/ECF system, to the following counsel of record:

Daniel DeSouza
COPYCAT LEGAL PLLC
311 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone:  (877) 437-6228
Email:  *dan@copycatlegal.com*

*/s/ Jeffrey L. Squires*